UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHARLES S. JACKSON and LUCILLE JACKSON,

      Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC., a Delaware corporation,

      Defendant.

No. 2:10-cv-00711-MCE-GGH

MEMORANDUM AND ORDER

Plaintiffs Charles and Lucille Jackson ("Plaintiffs") seek redress from Defendant Ocwen Loan Servicing, LLC ("Defendant") based on claims of breach of contract, breach of the implied covenant of good faith and fair dealing, slander of title, unfair business practice in violation of California Business and Professions Code § 17200 ("UCL"), misrepresentation and fraud in violation of California Business and Professions Code § 17500 ("False Advertising Law"), unjust enrichment, and infliction of emotional distress. Plaintiffs have a Notice of Action Pending ("Lis Pendens") on their residence at 2444 Oceanic Drive, Fairfield, CA 94533.

Presently before the Court is a Motion by Defendant to Dismiss Plaintiffs' First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant also moves to Expunge the Lis Pendens recorded against Plaintiffs' residence.  For the reasons set forth below, Defendant's Motion to Dismiss and Motion to Expunge are granted.

## BACKGROUND[1]

This action arises out of activity surrounding a residential loan transaction for Plaintiffs' property located in the City of Fairfield, County of Solano, California.  On July 18, 2006, Plaintiffs entered into a mortgage loan for $380,700.  Defendant was the servicer of Plaintiffs' mortgage.

In July 2009, Plaintiffs entered into a written agreement with Defendant, the Home Affordable Modification Trial Period Plan ("HAMP").  Plaintiffs incorrectly sent the first trial period payment under the HAMP to the wrong address.  Plaintiffs later corrected their mistake and sent payment to the correct address, but Defendant refused payment as being late.  Plaintiffs were advised by Defendant to reapply for the HAMP, but chose not to do so.

///
///

---

[1] The factual assertions in this section are based on the allegations in Plaintiffs' First Amended Complaint unless otherwise specified.

2

Defendant then proceeded with foreclosure on the residence and recorded a Notice of Default in the Official Records of Solano County on August 17, 2009.[2] Defendant indicates that Plaintiffs were $23,356.90 behind on their mortgage payments as of August 14, 2009. Defendant recorded the Notice of Trustee's Sale in the Official Records of Solano County on December 23, 2009. The foreclosure sale was initially scheduled for January 11, 2010 and has been rescheduled on several occasions. On January 11, 2010, Plaintiffs filed the present lawsuit against Defendant and recorded a Lis Pendens on the property.

**STANDARD**

**A.   Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests". Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 78 S. Ct. 99, 103 (1957)).

///
///

---

[2] The factual assertions in this paragraph come from Defendant's Motion to Dismiss unless otherwise specified.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Id. at 1964-65 (internal citations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

"Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests".  Twombly, 550 U.S. at 556 n.3.  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face".  Id. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed".  Id. Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556.

///

///

4

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...".  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**B.   Motion to Expunge Lis Pendens**

"A Lis Pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to possession of the real property described in the notice".  Fed. Deposit Ins. Corp. v. Charlton, 17 Cal. App. 4th 1066, 1069 (1993) (citing Cal. Civ. Proc. Code §§ 405.2, 405.4, 405.20).  A Lis Pendens, once filed prevents that property's transfer until the Lis Pendens is expunged or the litigation is resolved.  BGJ Assoc., LLC v. Super. Ct. of L.A., 75 Cal. App. 4th 952, 966-67 (1999).  The Lis Pendens is expunged if the pleading on which the Lis Pendens is based does not contain a real property claim, or if the evidence fails to establish the probable validity of the real property claims.  Orange Cnty. v. H.K. and Shanghai Banking Corp. Ltd., 52 F.3d 821, 823-24 (9th Cir. 1995).
///

To constitute a "real property claim", the cause of action, if meritorious, must affect the right of possession of specific real property or affect the title to the specific real property. Cal. Civ. Proc. Code § 405.4. The "probable validity" standard means "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim". Id. at § 405.3.

## ANALYSIS

**A.   Motion to Dismiss**

    **1.   Breach of Contract**

Under California law, to state a claim for breach of contract, the plaintiff must plead: 1) existence of the contract; 2) plaintiff's performance or excuse for nonperformance of the contract; 3) defendant's breach of the contract; and 4) resulting damages. Armstrong Petrol. Corp. V. Tri Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1391 n. 6 (2004).

Plaintiffs and Defendant disagree on whether the HAMP is a contract under the law. However, even assuming, *arguendo*, that the HAMP constitutes a contract, Plaintiffs have still failed to sufficiently allege each element necessary for successfully pleading a breach of contract claim.

Plaintiffs allege that they have suffered the irreparable harm of the loss of their home, an investment of $199,803.70, "as a result of Defendant's breach". However, the HAMP expressly provides that it did not alter the terms of Plaintiffs' loan, but instead altered the amount of Plaintiffs' mortgage payments for a three-month trial period.

The mortgage would only be permanently modified if and when Plaintiffs: 1) met all of the conditions necessary for modification; 2) received a "fully executed copy of a Modification Agreement"; and 3) the Modification Effective Date (November 1, 2009 in Plaintiffs' case) had passed.  HAMP, § 2, ¶ G.  The HAMP also states that "any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates".  Id. at § 2, ¶ B.  Thus, Defendant maintained its rights under the original mortgage loan to foreclose on Plaintiffs' property in the event of default.  Defendant's execution of this right cannot be said to constitute a breach under the HAMP.

A breach of contract claim rests upon the actual terms of the contract; however, Plaintiffs fail to allege any breach of the express provisions of the HAMP.  Therefore, Plaintiffs have not sufficiently alleged a breach of contract.  Defendant's Motion to Dismiss Plaintiffs' breach of contract claim is granted.

### 2.  Breach of Good Faith and Fair Dealing

To the extent that Plaintiffs also bring a claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs' pleading is insufficient.  In addition to failing to formally style their claim for breach as a named cause of action, Plaintiffs have failed to sufficiently allege a breach of contract.

///

7

1 Supposing that the HAMP is a contract, the implied covenant of
2 good faith and fair dealing "cannot impose substantive duties or
3 limits on the contracting parties beyond those incorporated in
4 the specific terms of their agreement". Guz v. Bectel Nat'l,
5 Inc., 24 Cal. 4th 317, 349-50 (2000). The implied covenant of
6 good faith and fair dealing rests upon the existence of some
7 specific contractual obligation. Foley v. Interactive Data
8 Corp., 7 Cal. 3d 654, 683-84 (1998). The covenant of good faith
9 is read into contracts to protect the express covenants or
10 promises of the contract, not to protect some general public
11 policy interest that is not directly tied to the contract's
12 purpose. Id. at 690.
13    Here, the HAMP did not alter the terms of Plaintiffs' loan,
14 and reserved the Defendant's right to continue with foreclosure
15 proceedings. Plaintiffs have not sufficiently asserted which
16 terms, if any, of any existing contract, were frustrated by
17 Defendant's conduct, and therefore have failed to sufficiently
18 plead a breach of the implied covenant of good faith and fair
19 dealing. Thus, Defendant's Motion to Dismiss Plaintiffs' breach
20 of good faith and fair dealing claim is granted.

22     **3.   Slander of Title**

24    Under California law, to state a claim for slander of title,
25 the plaintiff must establish: 1) a publication; 2) which is
26 without privilege or justification; 3) which is false; and
27 4) which causes direct and immediate pecuniary loss.
28 ///

1   Manhattan Loft, LLC V. Mercury Liquors, Inc., 173 Cal. App. 4th
2   1040, 1050-51 (2009) (citing Howard v. Schaniel, 113 Cal. App. 3d
3   256, 263-64 (1980)).
4       Privileged publications include those made in any "official
5   proceeding authorized by law". Cal. Civ. Code § 47(b).
6   According to Cal. Civ. Code §§ 2924(a)(1), 2924(a)(3), notices of
7   default and sale must be filed in each county where some of the
8   mortgaged property is located. The law expressly provides that
9   "[t]he mailing, publication, and delivery of notices as required
10  by []section [2924]" constitute privileged communication. Id. at
11  § 2924(d)(1).
12      The Notices of Default and Trustee's Sale filed by Defendant
13  in the County of Solano are privileged publications because their
14  filings were required by California law. Because Defendant's
15  publications are privileged, Plaintiffs fail to sufficiently
16  allege slander of title. Defendant's Motion to Dismiss
17  Plaintiffs' slander of title claim is granted.

### 4.   California's UCL

California's Business and Professions Code § 17200, *et seq.*, more commonly known as California's Unfair Competition Law ("UCL") defines unfair competition as "any unlawful, unfair or fraudulent business act or practice". "Unlawful" practices are practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or court-made".

///
///

1  Saunders v. Super. Ct. of L.A. Cnty., 27 Cal. App. 4th 832,
2  838-39 (1994) (citing People v. McKale, 25 Cal. 3d 626, 632
3  (1979)).  To state a cause of action based on an "unlawful"
4  business act or practice under the UCL, a plaintiff must allege
5  facts sufficient to show a violation of some underlying law.
6  McKale, 25 Cal. 3d at 635.
7       A "fraudulent" business act or practice is one in which
8  members of the public are likely to be deceived.  Hall v. Time,
9  Inc., 158 Cal. App. 4th 847, 849 (2008); Olsen v. Breeze, Inc.,
10 48 Cal. App. 4th 608, 618 (1996) ("does not refer to the common
11 law tort of fraud but only requires a showing [that] members of
12 the public 'are likely to be deceived'").  Thus, to state a cause
13 of action based on a "fraudulent" business act or practice, the
14 plaintiff must allege that consumers are likely to be deceived by
15 the defendant's conduct.  Comm. on Children's Television, Inc. v.
16 Gen. Foods Corp., 35 Cal. 3d 197, 212 (1983).
17      A business act or practice is "unfair" when the conduct
18 "threatens an incipient violation of an antitrust law, or
19 violates the policy or spirit of one of those laws because its
20 effects are comparable to a violation of the law, or that
21 otherwise significantly threatens or harms competition".
22 Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th
23 163, 187 (1999).  To sufficiently plead an action based on an
24 "unfair" business act or practice, a plaintiff must allege facts
25 showing the "unfair" nature of the conduct and that the harm
26 caused by the conduct outweighs any benefits that the conduct may
27 have.  Motors, Inc. v. Times Mirror Co., 102 Cal. App. 3d 735,
28 740 (1980).

10

1  Furthermore, a plaintiff alleging unfair business practices under
2  the UCL "must state with reasonable particularity the facts
3  supporting the statutory elements of the violation." <u>Khoury v.</u>
4  <u>Maly's of California, Inc.</u>, 14 Cal. App. 4th 612, 619 (1993).
5       In alleging violation of the UCL, Plaintiffs incorporate by
6  reference all prior causes of actions; however, none of those
7  claims have been sufficiently pled to survive a motion to
8  dismiss.  Plaintiffs therefore lack a predicate "unlawful" action
9  to underlie their UCL claim.
10      Similarly Plaintiffs fail to allege with reasonable
11 particularity "unfair" or "fraudulent" behavior by Defendant.
12 Plaintiffs assert that Defendant "engaged in a sophisticated
13 scheme to illegally seize [Plaintiffs'] property" and "took a
14 grossly oppressive and unfair advantage over Plaintiffs";
15 however, Plaintiffs do not identify which specific behaviors they
16 believe are punishable under the UCL.  To the extent to which
17 they may be referring to all alleged wrongful conduct listed in
18 the Complaint, Plaintiffs still fail to state why such behavior
19 is "unfair" or "fraudulent" as defined by the statute.  Due to
20 Plaintiffs' failure to sufficiently plead unlawful, unfair or
21 fraudulent behaviors, Defendant's Motion to Dismiss Plaintiffs'
22 UCL claim is granted.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### 5. California's False Advertising Law

California's Business and Professions Code § 17500, *et seq.*, more commonly known as California's False Advertising Law, prohibits the dissemination of "any statement, concerning [] real or personal property or [] services...which is untrue or misleading". To state a cause of action based on the False Advertising Law, a plaintiff must allege that "members of the public are likely to be deceived" by the defendant's conduct. Comm. on Children's Television, 35 Cal. 3d at 211.

Plaintiffs allege that Defendant "never intended to provide [them with] a loan modification", and that they "were intentionally misled and induced to enter into an agreement". However, Plaintiffs fail to provide factual support for their belief that Defendant never intended to provide a loan modification. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient for a pleading. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1964-65). Plaintiffs also fail to identify how other readers of the HAMP would likely be deceived by the agreement, or by any other statements made by Defendant. Therefore, Plaintiffs fail to sufficiently plead a claim under California's False Advertising Law. Defendant's Motion to Dismiss Plaintiffs' False Advertising Law claim is granted.

///
///
///
///

12

**6.  Unjust Enrichment**

Under California law, to state a claim for unjust enrichment, a plaintiff must plead "receipt [by defendant] of a benefit and unjust retention of the benefit at the expense of another". Lectrodryer v. Seoulbank, 77 Cal. App. 4th 723, 726 (2000)(citing First Nationwide Sav. v. Perry, 11 Cal. App. 4th 1657, 1663 (1992)).

Plaintiff alleges that Defendant "unjustly enriched [itself] at the expense of Plaintiffs' investment of $199,803.70 and the loss of their home", and that Defendant "reaped substantial profits".  As addressed above, Defendant was legally entitled to foreclosure rights.  Furthermore, Defendant is the servicer of Plaintiffs' loan, not the beneficiary of the Note or Deed of Trust.  Plaintiffs fail to sufficiently plead unjust enrichment. Defendant's Motion to Dismiss Plaintiffs' unjust enrichment claim is granted.

**7.  Infliction of Emotional Distress**

Under California law, to state a claim for infliction of emotional distress, the plaintiff must plead: 1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; 2) the plaintiff's suffering severe or extreme emotional distress; and 3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.
///

13

Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993) (quoting Christensen v. Super. Ct. of L.A. Cnty., 54 Cal. 3d 868, 903 (1991) (internal citations omitted)).  For "[c]onduct to be outrageous[, it] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community".  Id. Furthermore, the defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result".  Id.  To plead intentional infliction of emotional distress, the defendant's conduct must also be "directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware".  Id. at 1002 (emphasis in original omitted).

Plaintiffs allege that Defendant's conduct was "extreme and outrageous", and that Defendant "intentionally confused Plaintiffs in order to not perform the term[s] of the [HAMP] agreement".  Additionally, Plaintiffs claim that Defendant's actions "caused Plaintiffs...torment, anxiety, chagrin and embarrassment accompanied with severe physical and emotional distress as a result of the loss of their home and the loss of the large amount of money invested in their home".  However, Plaintiffs fail to sufficiently plead infliction of emotional distress because they do not provide any factual support for their allegations that Defendant's conduct was "extreme and outrageous."  They also fail to give factual support for their assertion that Defendant acted to intentionally harm Plaintiffs.  Therefore, Defendant's Motion to Dismiss Plaintiffs' infliction of emotional distress claim is granted.

///

///

1      **B.   Motion to Expunge Lis Pendens**

     A recorded Lis Pendens may only be expunged if the pleading on which the Lis Pendens is based does not contain a real property claim, or if the evidence fails to establish the probable validity of the real property claims. Orange Cnty., 52 F.3d at 823-24. Plaintiffs' breach of contract and breach of good faith and fair dealing claims are the only causes of action which might constitute "real property claim[s]", as their validity may affect the right of possession or title to the property.

     The Court finds that at the motion to dismiss stage, when Plaintiffs' allegations of fact must be accepted as true, it is not yet possible to make a finding by a preponderance of the evidence that Plaintiffs' real property claims are probably valid or not. Regardless of whether these claims are ultimately meritorious, there is an action currently pending which might affect title to the real property. A lis pendens, being a "notice of pending action", is primarily there as a signal to the world that a suit has been filed regarding the property so that there will not be a bona fide purchaser for value without notice. A ruling that would expunge such notification necessarily requires further litigation than has presently transpired.

     Accordingly, Defendant's Motion to Expunge Lis Pendens is denied without prejudice. Defendant is free to re-file said motion as circumstances merit.

///
///

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Docket No. 8) is GRANTED with leave to amend.  Defendant's Motion to Expunge the Lis Pendens is DENIED without prejudice.

Plaintiffs may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiffs' claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: August 20, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE