UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

CHARLES S. JACKSON and LUCILLE JACKSON,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC., a Delaware corporation,

    Defendant.

No. 2:10-cv-00711-MCE-GGH

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

Plaintiffs Charles and Lucille Jackson ("Plaintiffs") seek redress from Defendant Ocwen Loan Servicing, LLC ("Defendant") based on claims of breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, unfair business practice, fraudulent business practice, declaratory relief for unlawful foreclosure, and financial abuse of an elder.  Plaintiffs have a Notice of Action Pending ("Lis Pendens") on their former residence at 2444 Oceanic Drive, Fairfield, CA 94533.

///

Presently before the Court is a Motion by Defendant to Dismiss Plaintiffs' Second Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)[1]. Defendant also moves to Expunge the Lis Pendens recorded against Plaintiffs' residence. For the reasons set forth below, Defendant's Motions to Dismiss and Expunge are granted in part and denied in part.[2]

## BACKGROUND[3]

This action arises out of activity surrounding a residential loan transaction for Plaintiffs' property located in the City of Fairfield, County of Solano, California. On July 18, 2006, Plaintiffs entered into a mortgage loan for $380,700. Defendant was the servicer of Plaintiffs' mortgage.

In July 2009, Plaintiffs entered into a written agreement with Defendant, the Home Affordable Modification Trial Period Plan ("HAMP"). The HAMP is a home loan modification program that amends mortgages for homeowners who certify that they are unable to afford mortgage payments on their principal residence.

///

---

[1] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument. E.D. Cal. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' Second Amended Complaint unless otherwise specified.

2

In order to receive the modification agreement, homeowners must first pass through the HAMP's "trial period" of three months where they are required to make regular and timely mortgage payments, and during which time the terms of the original loan remain in place. Plaintiffs incorrectly sent their first trial period payment to the wrong address. Plaintiffs later corrected their mistake and sent payment to the correct address, but Defendant refused the payment as late, thereby causing Plaintiffs to fail the trial period and be denied the modification agreement. Plaintiffs were advised by Defendant to reapply for the HAMP, but chose not to do so.

Defendant proceeded with foreclosure on the residence and recorded a Notice of Default in the Official Records of Solano County on August 17, 2009.[4] Defendant indicates that Plaintiffs were $23,356.90 behind on their mortgage payments as of August 14, 2009. Defendant recorded the Notice of Trustee's Sale in the Official Records of Solano County on December 23, 2009. The foreclosure sale was initially scheduled for January 11, 2010, but was rescheduled on several occasions until it was eventually sold to a third party on July 27, 2010. Plaintiffs filed the present lawsuit against Defendant on January 11, 2010, and recorded a Lis Pendens on the property.

///
///
///
///

---

[4] The factual assertions in this paragraph come from Defendant's Motion to Dismiss unless otherwise specified.

**STANDARD**

**A.   Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

///
///
///

4

1   Further, "Rule 8(a)(2)...requires a 'showing,' rather than a
2 blanket assertion, of entitlement to relief. Without some
3 factual allegation in the complaint, it is hard to see how a
4 claimant could satisfy the requirements of providing...grounds on
5 which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal
6 citations omitted). A pleading must then contain "only enough
7 facts to state a claim to relief that is plausible on its face."
8 Id. at 570. If the "plaintiffs...have not nudged their claims
9 across the line from conceivable to plausible, their complaint
10 must be dismissed." Id.
11   Once the court grants a motion to dismiss, they must then
12 decide whether to grant a plaintiff leave to amend. Rule 15(a)
13 authorizes the court to freely grant leave to amend when there is
14 no "undue delay, bad faith, or dilatory motive on the part of the
15 movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact,
16 leave to amend is generally only denied when it is clear that the
17 deficiencies of the complaint cannot possibly be cured by an
18 amended version. See DeSoto v. Yellow Freight Sys., Inc., 957
19 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
20 Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should
21 not be dismissed under Rule 12(b)(6) unless it appears beyond
22 doubt that the plaintiff can prove no set of facts in support of
23 his claim which would entitle him to relief.") (internal
24 citations omitted).
25 ///
26 ///
27 ///
28 ///

**B.     Motion to Expunge Lis Pendens**

"A Lis Pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to possession of the real property described in the notice." <u>Fed. Deposit Ins. Corp. v. Charlton</u>, 17 Cal. App. 4th 1066, 1069 (1993) (citing Cal. Civ. Proc. Code §§ 405.2, 405.4, and 405.20).  A Lis Pendens, once filed, prevents the property's transfer until the Lis Pendens is expunged or the litigation is resolved.  <u>BGJ Assoc., LLC v. Super. Ct. Of L.A.</u>, 75 Cal. App. 4th 952, 966-67 (1999).  The Lis Pendens is expunged if the pleading on which the Lis Pendens is based does not contain a real property claim, or if the evidence fails to establish the probable validity of the real property claims.  <u>Orange Cnty. v. H.K. and Shanghai Banking Corp. Ltd.</u>, 52 F.3d 821, 823-24 (9th Cir. 1995).  To constitute a "real property claim," the cause of action, if meritorious, must affect the right of possession of specific real property or affect the title to the specific real property.  Cal. Civ. Proc. Code § 405.4.  The "probable validity" standard means "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim."  <u>Id.</u> at § 405.3.

///
///
///
///
///
///

**ANALYSIS**

**A.    Motion to Dismiss**

    **1.    Breach of Contract**

Under California law, to state a claim for breach of contract, a plaintiff must plead: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of the contract; and (4) resulting damages. <u>Armstrong Petrol. Corp. v. Tri Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1391 n.6 (2004).

Plaintiffs and Defendant disagree on whether the HAMP is a contract under law.  Because the Court reviews this claim on a motion to dismiss standard, Plaintiffs need only allege sufficient facts to raise their breach of contract claim above mere speculation.  Plaintiffs have pled enough facts under this standard to fairly argue that the HAMP is an enforceable contract, that they had performed contractual obligations under the HAMP, and that Defendant subsequently refused to perform. Defendant's Motion to Dismiss Plaintiffs' first claim for breach of contract is denied.

    **2.    Breach of Good Faith and Fair Dealing**

The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. <u>Foley v. Interactive Data Corp.</u>, 47 Cal. 3d 654, 683-84 (1998). The covenant of good faith is read into contracts to protect the express terms or promises of the contract.  <u>Id</u>. at 690.

7

This covenant is particularly well-suited to situations where one party has discretionary power affecting the rights of another. <u>Carma Developers Cal., Inc. v. Marathon Dev. Cal., Inc.</u>, 2 Cal. 4th 342, 372 (1992).

Assuming the HAMP even constitutes a binding contract, Plaintiffs' claim for breach of good faith and fair dealing is sufficient to withstand a motion to dismiss. Plaintiffs allege that Defendant acted in bad faith by refusing to accept their first payment, which would have ensured their compliance with the HAMP.  Further, this payment was delayed as a direct result of Defendant's omission of information necessary for Plaintiffs to successfully perform their obligations.  Thus, Defendant's Motion to Dismiss Plaintiffs' second claim for breach of good faith and fair dealing is denied.

### 3. **Promissory Estoppel**

Promissory estoppel makes a "promise binding under certain circumstances, without consideration in the usual sense of something bargained for and something given in exchange." <u>Garcia v. WorldSav., FSB</u>, 183 Cal. App. 4th 1037, 1040-41 (2010) (citing <u>Youngman v. Nev. Irrigation Dist.</u>, 70 Cal. 2d 240, 249 (1969)). If, by language or conduct, an individual leads another to do what he otherwise would not have done, then he should not be denied the "expectations upon which he acted." <u>Id.</u>  Absence of consideration does not defeat a claim based on promissory estoppel. <u>Id.</u>
///

The required elements are: (1) a clear and unambiguous promise in its terms; (2) reliance that is reasonable and foreseeable; and (3) an injury that results from reliance. Laks v. Coast Fed. Sav. & Loan Assn., 60 Cal. App. 3d. 885, 890 (1976).

Plaintiffs have properly pled the elements for a promissory estoppel claim. They allege that Defendant promised to provide to them a loan modification upon completion of their obligations under the HAMP. This promise is clear and unambiguous from the written document provided. And because this document was in a writing signed by both parties, Plaintiffs' reliance on that promise was reasonably foreseeable as they acted in conformity with the express terms of the writing. Defendant's Motion to Dismiss Plaintiffs' third claim for promissory estoppel is denied.

### 4.  Unfair Business Practice under California law

California Business and Professions Code § 17200, *et seq.*, more commonly known as California's Unfair Competition Law ("UCL"), defines unfair competition as "any unlawful, unfair or fraudulent business act or practice". A claim for "unfair" business practices under the UCL requires a plaintiff to "tether" its allegation to a constitutional or statutory provision or a regulation carrying out statutory policy. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082-83 (9th Cir. 2007).

///
///
///

See also Ferrington v. McAfee, Inc., No. 10-01455, 2010 WL 3910169 at *11-13 (N.D. Cal., Oct. 5, 2010), Buller v. Sutter Health, 160 Cal. App. 4th 981, 991 (2008) (citing Belton v. Comcast Cable Holdings, LLC., 151 Cal. App. 4th 1224, 1239-40 (2007)).[5]

Plaintiffs provide no facts indicating that a constitutional or statutory policy prohibits the actions allegedly taken by Defendant. Since Plaintiffs have not tethered their allegations to any constitutional or statutory provision as required, their claim for unfair business practices is insufficient to withstand dismissal. Defendant's Motion to Dismiss Plaintiffs' fourth claim for unfair business practices is granted.

### 5. Fraudulent business practices under California law

A "fraudulent" business act or practice claim under the UCL requires a plaintiff to allege that consumers are likely to be deceived by the defendant's conduct. Comm. on Children's Television, Inc. v. Gen. Foods Corp., 35 Cal. 3d 197, 212 (1983). Under the heightened pleading standard of Rule 9(b), when alleging fraud, a plaintiff must state with particularity specific facts or circumstances constituting fraud.

///
///

---

[5] California courts are split as to the appropriate test for finding business practices "unfair" under the UCL as they pertain to consumers as opposed to direct competitors. Ninth Circuit courts have ruled that either standard will be upheld. Therefore, the Court need not address the dispute. Lozano v. AT&T Wireless Services, Inc., 504 F.3d 718, 736-37 (9th Cir. 2007).

Plaintiffs have properly alleged that consumers are likely to be deceived by Defendant's omission of the correct address in the HAMP. However, they have failed to plead any facts or circumstances indicating why Defendant's failure to act rises to the level of fraud. Plaintiffs bear the burden of demonstrating Defendant's conduct was not mere omission, but an actual fraudulent business practice. Plaintiffs' own conclusion that the conduct amounts to fraud is insufficient under the heightened pleading standard of Rule 9(b). Defendant's Motion to Dismiss Plaintiffs' fifth claim for fraudulent business practices is granted.

### 6. Unlawful foreclosure/Request for declaratory relief

California Civil Code § 2923.5 precludes lenders in California from filing a notice of default to begin foreclosure until thirty days after making initial contact with the homeowners, and satisfying certain due diligence requirements as detailed in the statute. Courts have found this statute to create a private right of action, however, the right is limited to preventing an impending foreclosure. Mabry v. Superior Court, 185 Cal. App. 4th 208, 214-15 (2010). If the foreclosure sale has already been completed, a plaintiff has no right to further legal action under this section, regardless of the lender's failure to comply with the statutory requirements. Id.

///
///
///

Because the sale of Plaintiffs' home was completed in July 2010, we do not reach a judgment as to whether Defendant violated § 2923.5. Plaintiffs have no valid claim under Cal. Civ. Code § 2923.5. Defendant's Motion to Dismiss Plaintiffs' sixth claim for declaratory relief is granted.

### 7.  Financial abuse of an elder

California Welfare and Institutions Code § 15610.30 prohibits financial abuse of an elder. An "elder" is defined as a person over the age of 65. Cal. Welfare & Inst. Code § 15610.27. A defendant violates this statute if the defendant itself, or in assistance of another, takes, secretes, appropriates, obtains, or retains real or personal property of an elder for a wrongful use, with intent to defraud, or by undue influence. Cal. Welfare & Inst. Code § 15610.30.

Plaintiff Mrs. Jackson was not over 65 at the time of the alleged violation and, as such, lacks standing to bring this claim. Plaintiff Mr. Jackson does meet the age requirement, however, he does not plead sufficient facts to suggest Defendant forced him, with intent to defraud or by undue influence, to send his payment to a different address, or to somehow become late on payments thereby causing him to lose his property. Nor does the complaint demonstrate that Defendant took his property for a wrongful use. Thus, Defendant's Motion to Dismiss Plaintiffs' seventh claim for financial abuse of an elder is granted.

///
///

**B.   Motion to Expunge Lis Pendens**

A recorded Lis Pendens may only be expunged if the pleading on which the Lis Pendens is based does not contain a real property claim, or if the evidence fails to establish the probable validity of the real property claim. <u>Orange Cnty. v. H.K. and Shanghai Banking Corp. Ltd.</u>, 52 F.3d 821, 823-24 (9th Cir. 1995); <u>see supra</u>.

The Court finds that at this stage of the litigation, when Plaintiffs' allegations of fact must be accepted as true, it is not yet possible to make a finding by a preponderance of the evidence that Plaintiffs' real property claims are valid. Regardless of whether these claims are ultimately meritorious, there is an action currently pending which may affect title to the real property.  As a notice of pending action, a Lis Pendens, is primarily recorded as a signal to the world that a suit has been filed regarding the property so that there will not be a bona fide purchaser for value without notice.  A ruling that would expunge such notification necessarily requires further litigation than has presently transpired.  Accordingly, Defendant's Motion to Expunge Lis Pendens is denied without prejudice.

///
///
///
///
///
///

13

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 24) is GRANTED without further leave to amend as to Claims 4, 5, 6 and 7, and DENIED as to Claims 1, 2, and 3. Defendant's Motion to Expunge the Lis Pendens is DENIED without prejudice.  The parties are to file a joint status report within 30 days of this Order being electronically filed.

IT IS SO ORDERED.

Dated: February 8, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE